IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ZYRONIA P. MIMS,

                              Plaintiff,

  v.                                                             ORDER

U.S. FEDERAL GOVERNMENT,                          19-cv-320-jdp

                              Defendant.

---

Pro se plaintiff Zyronia P. Mims has filed this civil action against the United States federal government. Because Mims is proceeding without prepayment of the full filing fee, her complaint must be screened under 28 U.S.C. § 1915(e)(2) to determine whether any portion is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Mims is a pro se litigant, so I must read her complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

 I conclude that Mims's complaint must be dismissed for two reasons. First, it identifies as the sole defendant the "U.S. federal government," which is generally immune from suit under the doctrine of sovereign immunity. Second, her claims are based on theories that have no arguable basis in law.

OPINION

Mims's complaint contains only a few allegations. Under the section entitled "statement of claim," she writes that she "unknowingly nor willingly was born dead when parents ap[p]lied for Social Security and Birth certificate. The reversal of death to life by the open choice of

Hu[]mans to choose how and where they live without the US Government attachment."

Dkt. 1, at 2. Under "relief wanted," she says:

> Return all property, relics, gold, silver and art affects of the Hebrew-Israelites that was brought to the US or America during the South Atlantic Slave Trade along with free travels to and from homeland of where they were born and to place of work and new residency. All to have diplomatic [im]munity for those that are ac[c]om[mo]dating the SAFETY NEST INC.

*Id.* at 4. Mims also attaches three documents to her complaint: a notice that she and her organization, The Safety Nest Inc., are "Foreign Sovereigns" and "are not subject to Territorial or Municipal United States law," Dkt. 1-1, at 1, and two "affidavits of sovereignty." Dkt. 1-2 and Dkt. 1-3.

## A. Sovereign immunity

As an initial matter, Mims's complaint must be dismissed because the only defendant it names is the federal government. Claims against the government are barred by the doctrine of sovereign immunity, which mandates that the United States cannot be made subject to suit without its consent. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). Such consent is conveyed through congressional action, which "expressly and unequivocally" waives the government's sovereign immunity. *Sossamon v. Texas*, 563 U.S. 277, 290 (2011). Without a valid congressional waiver of sovereign immunity, I lack subject matter jurisdiction over Mims's lawsuit.

## B. No arguable basis in law

Even if Mims had named a defendant that could be sued in this court, I would nonetheless dismiss her complaint because her claims lack any arguable basis in law. Under 28 U.S.C. § 1915(e)(2), a court must dismiss any complaint that asserts claims based on "an

indisputably meritless legal theory." *Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Mims's allegations are cursory and undeveloped, but I take her to be seeking (1) reparations for the transatlantic slave trade, and (2) some recognition or validation of her asserted "sovereign" status. Both of these claims are barred as a matter of law. The Court of Appeals for the Seventh Circuit has ruled that claims seeking reparations for injuries stemming from the transatlantic slave trade are outside the power of the federal courts to consider. *See In re African-Am. Slave Descendents Litig.*, 471 F.3d 754, 759–61 (7th Cir. 2006). And "sovereign citizen" theories have been rejected repeatedly by the courts as frivolous and a waste of court resources. *See Bey v. State*, 847 F.3d 559, 559–60 (7th Cir. 2017) (collecting cases).

Mims's claims have no arguable basis in law, and I do not see any way that Mims could cure these defects by amending her complaint. So I will dismiss her complaint with prejudice as legally frivolous and for failure to state a claim.

ORDER

IT IS ORDERED that plaintiff Zyronia P. Mims's motion for leave to proceed against the defendant, Dkt. 2, is DENIED. Her complaint is DISMISSED with prejudice. The clerk of court is directed to enter judgment for defendant and close this case.

Entered July 23, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge